## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

STATE OF ARKANSAS *ex rel.*                                          PLAINTIFF
LESLIE RUTLEDGE, ATTORNEY GENERAL

v.                                      NO. 4:14CV00101 JLH

ELECTRONIC MEDIA MARKETING
GROUP, INC., d/b/a
GENERAL YELLOW PAGES                                          DEFENDANT

### FINAL JUDGMENT AND DECREE

The State of Arkansas commenced this action against Electronic Media Marketing Group,

Inc., on February 20, 2014, alleging that Electronic Media Marketing Group had violated the

Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101 *et seq*., the

Telemarketing Sales Rule, 16 C.F.R. § 310, and the Arkansas Deceptive Trade Practices Act, Ark.

Code Ann. §§ 4-88-101 through 4-88-115.   Summons and complaint were served on Electronic

Media Marketing Group on March 3, 2014.   Electronic Media Marketing Group did not file an

answer or otherwise respond to the complaint, so the State of Arkansas moved for default on

September 22, 2014.  The Clerk of Court entered Electronic Media Marketing Group, Inc.'s default

on that same date.

On June 24, 2015, the State of Arkansas filed a motion for default judgment seeking

injunctive relief, civil penalties in the amount of $190,000, and attorneys' fees and costs in the

amount of $4,500.  The motion was properly supported by affidavits.  Pursuant to Federal Rule of

Civil Procedure 55(b)(2), the motion is GRANTED.  Document #10.

The following facts are deemed admitted:

1.      Defendant deceived Arkansas business owners by billing business owners for
        online advertising in a product entitled General Yellow Pages, which the
        business owners never agreed to purchase.  (Doc. 1 at ¶ 10.)

2.    Despite the fact that business owners did not agree to buy the service, Defendant placed calls to Arkansas businesses by telephone and attempted to collect money for the internet advertising services by falsely telling Arkansas businesses that they had signed up for a ninety-day free trial of the product that automatically renewed for one year upon conclusion of the trial period.  (Doc. 1 at ¶ 11.)

3.    Defendant sent invoices to business owners for one year of internet advertising in the amount of $599.95 per business.  (Doc. 1 at ¶ 12.)

4.    Many Arkansas businesses that received Defendant's $599.95 invoices contacted Defendant and objected to the charge.  Even though these business owners demanded proof of their purchase of the advertising program, Defendant was not able to provide any documentation to support any of the amounts claims in the invoices or proof that the business owners had agreed to the service.  (Doc. 1 at ¶ 13.)

5.    Many Arkansas businesses filed consumer complaints with the Arkansas Attorney General's Office regarding this matter.  When Defendant was notified of the consumer complaints, Defendant explained that quality control recordings were available.  Defendant, however, only provided one such recording, and that recording did not include the business owner's assent to the advertising service but rather included Defendant's sales pitch in which it tried to convince the business owner that the business had agreed to a free trial of the service and now owed fees for one year of the service.  (Doc. 1 at ¶ 14.)

6.    Despite the business owners' consumer complaints, Defendant continued to insist to the complaining businesses that they owed Defendant money. Defendant added late penalties in the amount of 2% for customers who failed or refused to pay.  One such bill, including late fees, amounted to more than $800.  (Doc. 1 at ¶ 15.)

7.    Several consumer complaints were filed with the Arkansas Attorney General's Office on behalf of Arkansas businesses. The managers or owners of these businesses stated they never had any previous contact with Defendant until Defendant contacted them in order to seek payments on the bogus advertising service.  (Doc. 1 at ¶ 16.)

8.    Defendant has failed to provide any proof that Arkansas businesses expressly agreed to purchase any service from Defendant.  (Doc. 1 at ¶ 17.)

9.    Defendant has not and cannot provide any proof that Arkansas business owners agreed to automatically sign up for a year of service following the conclusion of a ninety-day trial period.  (Doc. 1 at ¶ 18.)

10.     Defendant used deception in an attempt to obtain payments from Arkansas businesses even though the businesses had never purchased services from Defendant.  (Doc. 1 at ¶ 19.)

Document #11 at 6-8.

These facts, which are deemed admitted, establish that Electronic Media Marketing Group has violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, the Telemarketing Sales Rule, 16 C.F.R. § 310, and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq*.  Therefore, the Court ORDERS:

1.     Electronic Media Marketing Group, Inc., is ordered to cease from any collection attempts, including hiring any collection agency to make collection attempts, in the State of Arkansas.

2.     Electronic Media Marketing Group, Inc., is hereby enjoined from placing telemarketing calls to consumers in the State of Arkansas.

3.     Electronic Media Marketing Group, Inc., must pay civil penalties in the amount of $10,000 for each of nineteen violations, totaling $190,000, to the State of Arkansas.

4.     Attorneys' fees and costs in the amount of $4,500 are hereby awarded to the State of Arkansas.

Judgment is hereby entered in favor of the State of Arkansas against Electronic Media Marketing Group, Inc., in the total amount of $194,500 (which includes the civil penalties, attorneys' fees and costs awarded above), for all of which garnishment and execution may issue.

IT IS SO ORDERED this 27th day of July, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

3